**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____1:19-cv-03669_____

TRACY L. WORSHAM,

   Plaintiff,

v.

PAYPAL, INC.

   Defendant.

**COMPLAINT**

NOW COMES Plaintiff, TRACY L. WORSHAM, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, PAYPAL, INC., as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for invasion of privacy by seclusion as well as violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  TRACY L. WORSHAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Colorado Springs, Colorado.

6.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.  PayPal, Inc. ("PayPal") is a corporation organized under the laws of Delaware.

8.  PayPal has its principal place of business at 2211 North First Street, San Jose, California 95131.

9.  PayPal is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5290.

11. At all times relevant, Plaintiff's number ending in 5290 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13. PayPal is an online payment service that allows a business or private individual to send and receive payments.

14. A PayPal account holder sends money by informing PayPal of the intended recipient's e-mail address and the amount to be sent and by designating a funding source such as a credit card, bank account or separate PayPal account.

15.   PayPal accesses the funds and immediately makes them available to the intended recipient.

16.   PayPal generates revenues from transaction fees and the interest it derives from holding funds until they are sent.

17.   Plaintiff opened a PayPal account.

18.   During the course of using her PayPal account, Plaintiff *allegedly* overdrafted – causing her account balance to be - $20.00.

19.   PayPal sought to collect this $20.00 from Plaintiff; however, Plaintiff refused.

20.   Alas, Plaintiff started to receive persistent collection phone calls from PayPal.

21.   On multiple occasions, Plaintiff answered.

22.   Each time, Plaintiff was met with clear pause – prompting Plaintiff to say "Hello, Hello, Hello" prior to being connected to PayPal's representative.

23.   On numerous occasions, Plaintiff argued that she did not owe PayPal anything.

24.   Having had enough, Plaintiff finally said: "[d]on't call me!"

25.   Regrettably, Plaintiff continued to receive persistent and unwanted phone calls from number(s) leading back to PayPal – (888) 895-5629 – including on:

> December 18, 2019 at 5:02 PM
> October 21, 2019 at 9:30 AM
> October 19, 2019 at 10:49 AM
> October 19, 2019 at 8:08 AM
> October 18, 2019 at 4:02 PM

October 18, 2019 at 2:29 PM

26. Overwhelmed by PayPal's persistent and unwanted phone calls, Plaintiff ultimately paid $20.00 to PayPal in order to stop these phone calls.

27. *All in all*, PayPal placed (or caused to be placed) no less than 77 *unconsented-to* phone calls to Plaintiff.

28. PayPal's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that PayPal's unlawful collection practices stopped.

## CLAIMS FOR RELIEF

### COUNT I:
### Invasion of Privacy by Seclusion

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically

or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998), *cert. denied* (Colo. Mar. 1, 1999).

32. This tort can encompass conduct such as persistent and unwanted telephone calls. *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *High-Tech Inst.*, 972 P.2d, at 1067).

33. PayPal's repeated and harassing telephone calls to Plaintiff violated Plaintiff's right to privacy based on an intrusion upon her seclusion. *See Dunlap v. McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); see generally W. Prosser & W. Keeton, Torts 117 (5th ed. 1984) (examples of intrusion upon seclusion include eavesdropping by wiretapping and persistent and unwanted telephone calls).

34. Taking into account Plaintiff's multiple requests that PayPal stop calling, PayPal's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that PayPal violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. PayPal placed or caused to be placed no less than 77 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

37. Upon information and belief, based on the "clear pause" Plaintiff experienced, PayPal employed an ATDS to place calls to Plaintiff's cellular telephone.

38. Upon information and belief, the ATDS employed by PayPal transfers phone calls to an agent once a human voice is detected, hence the clear pause.

39. Upon information and belief, the ATDS employed by PayPal has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227 (b)(1).

40. As plead above, Plaintiff revoked consent to be called on multiple occasions.

41. Upon information and belief, PayPal acted through its agents, employees, and/or representatives at all times relevant.

42. Upon information and belief, PayPal has no system in place to honor consumer requests that collection phone calls cease.

43. Upon information and belief, PayPal has no policies and procedures in place to honor consumer requests that collection phone calls cease.

44. As result of PayPal's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As result of PayPal's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that PayPal violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 24, 2019                     Respectfully submitted,

**TRACY L. WORSHAM**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com